ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. SUTTON.

(Court of Civil Appeals of Texas. Texarkana. Feb. 6, 1913.)

TRIAL (§ 251*)—INSTRUCTIONS—CONFORMITY TO PLEADINGS.

The petition alleged that plaintiff purchased tickets for defendant's train, that on its arrival plaintiff's wife and children endeavored to get on the train, and his wife attempted to take hold of the railings of the car, and, while plaintiff was waiting for his wife to get on, the conductor interposed his body between plaintiff's wife and the railing, and told her she was too late, and started the train, and further alleged that defendant's agents negligently and willfully refused to permit plaintiff and his children to enter the train. The court instructed that, if defendant's agents failed to hold the train at the station a reasonably sufficient time to enable plaintiff and his family to embark by using reasonable dispatch thereby preventing them from boarding, they should find for plaintiff. Held, that the instruction was erroneous for authorizing recovery for negligent failure to hold the train for a reasonable time while the petition predicated liability on the conductor's refusal to permit plaintiff and his family to board as passengers.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

Appeal from District Court, Camp County; R. W. Simpson, Judge.

Action by A. P. Sutton against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Glass, Estes, King & Burford, of Texarkana, for appellant. W. R. Heath, of Pittsburg, and H. M. Cosnahan, of Kaufman, for appellee.

LEVY, J. The suit is to recover the price paid for four railway tickets, and for damages alleged to have been wrongfully suffered by appellee, his wife and two minor children, occasioned by the refusal of appellant, through its conductor, to take and transport them as passengers on its regular passenger train from Pittsburg to Big Sandy. The jury returned a verdict in favor of the appellee for the price paid for the railway tickets, and for damages occasioned by the mental suffering of his wife, but for the railway company against the appellee's own claim, and as next friend for the children, for damages. In view of the pleadings and evidence, the point made by the first and second assignments, which raised the same question, determines the course the appeal must take, and a consideration of the other assignments is made unnecessary.

The point made by the two assignments is that by the charge of the court the appellant's liability was made dependent upon a ground of negligence not supported by the pleading. The following is the part of the court's charge which authorized a recovery for appellee, and is complained of: "Under the evidence in this case, you will find for plaintiff, A. P. Sutton, at least the amount paid for the tickets in question, to wit, the sum of $3. And if you shall find by a preponderance of the evidence that the agents and the employés of the defendant failed to use that high degree of care which a very cautious and prudent person would have used under the same or similar circumstances to hold the train at the station in Pittsburg a reasonably sufficient time to enable plaintiff and his family to embark on said train by using such dispatch during the time while the train was stopped as an ordinarily prudent and cautious person would have used under the same or similar circumstances, and if you shall find that as the direct and proximate result of such failure, if any, the plaintiff and his wife and children were prevented from boarding said train, and if you shall find that as the direct and proximate

result of said failure, if any, A. P. Sutton and his wife, or either, or that his daughters, was forced to drive back to the country in a wagon and to lie over a day," etc. The appellee alleged that on July 16, 1910, he and his wife and two minor children were on a visit to friends and relatives in Camp county; and desiring to return to their home in Kaufman county, Tex., they drove a considerable distance in a wagon to the town of Pittsburg for the purpose of taking passage on the train of appellant to Big Sandy, intending thence to go over the Texas & Pacific to Terrell, and on over the Texas Midland to their home in Kaufman county. After purchasing two whole tickets and two half tickets from the agent at Pittsburg, for which was paid the sum of $3, they presented themselves at the train for passage thereon. The petition then alleges: "That the passenger train did not arrive at defendant's station for some little time after he and his family got there; and upon the arrival of said train his said wife and children, behind whom he was standing, made an effort to get on said train, and his said wife, Callie Sutton, stretched out her hands to take hold of the railings of said car, so that she could place her foot upon the steps; and, while this plaintiff was waiting for his wife to get on so he could assist his children in getting on, an agent of this defendant who was in charge of said car, to wit, the conductor of same, interposed his body between his wife and the railings of said car and told her she was too late, and at the same time gave some sort of signal in response to which said train at once moved off and left this plaintiff, his wife and children, standing by the defendant's track with their tickets in their possession. Plaintiff alleges that by the sale of these tickets to him as aforesaid this defendant promised, and it became its duty, to afford this plaintiff, his wife, and children safe and careful transportation on that train from Pittsburg to Big Sandy, and also to check his trunk and carry the same on said train, but that defendant's servants and agents, acting in the scope of the authority intrusted to them by this defendant, negligently, willfully, and with gross negligence refused to permit this plaintiff, his two children, and his said wife to enter said train, and refused to transport and carry them and their trunk from Pittsburg to Big Sandy as it had contracted and promised to do." The evidence offered by appellee was in line with the allegations.

As seen, the petition predicates liability only on the ground that appellant, through its conductor, refused to allow the appellee and his family to board the train at all as passengers while it was stopped at the station of Pittsburg, and not on the negligent failure to hold or stop the train there a reasonable time for appellee and his family to board the same as passengers. Therefore appellee was permitted a recovery by the charge upon a ground of negligence not warranted nor supported by the pleading.

The judgment must therefore be reversed, and the cause remanded for another trial.